commenced shooting at him, and that he then shot the accused one time. Two wounds were inflicted on the deceased; he was wounded in his side, and one finger was shot off. There is evidence that one shot could have made both wounds. From a careful examination of the evidence we are unable to find any theory upon which the accused could properly be convicted of voluntary manslaughter. The evidence for the State made out a clear case of murder, and the testimony for the defense an equally clear case of self-defense. There is nothing in the statement of the accused which would authorize a conviction of voluntary manslaughter. It is suggested by the solicitor-general that the throwing of the rock by the deceased constituted an assault, and authorized a conviction of voluntary manslaughter, upon the theory that there was a mutual combat or upon the idea that the assault was enough to excite passion. The manifest reply to this contention is that the evidence demanded a finding that the deceased shot twice at the accused before the accused shot at him. If the accused had shot and killed the deceased immediately after the throwing of the rock, the position taken by the solicitor-general would be correct. But there is no evidence which supports this theory. According to the testimony the deceased was a man of violent temper, and the accused bore a good reputation. This, doubtless, influenced to some extent the jury to return a verdict which, in the light of the evidence, can only be regarded as a compromise finding. Under repeated rulings of the Supreme Court and of this court, the accused has a right to have such a verdict set aside in order that the question whether he is guilty of murder or not guilty of any offense may be clearly submitted to the jury. It is unnecessary to pass upon the ground of the motion containing alleged newly discovered evidence. If such evidence is competent, it can be submitted to the jury on another trial.                    *Judgment reversed.*

---

4822.   BODIFORD *v.* THE STATE.

HILL, C. J.  No error of law is complained of, and the evidence supports the verdict.                    *Judgment affirmed.*

DECIDED MAY 20, 1913.

Accusation of sale of liquor; from city court of Cairo—Judge Singletary.  February 25, 1913.

*J. Q. Smith*, for plaintiff in error.

*W. J. Willis, solicitor-general, Ira Carlisle*, contra.

---

## 4522.  LOWTHER *v.* CITY OF WAYCROSS.

1. One view of the evidence in behalf of the prosecution suggested an inference which authorized the argument of the city attorney to which objection was offered, and the court did not err in overruling the objection.  Furthermore, for manifest reasons, a greater latitude in argument upon the evidence is allowable in a trial before a judge than before a jury.

2. Even if the act of the General Assembly, approved August 17, 1909 (Acts of 1909, p. 1456), creating a new charter for the City of Waycross is unconstitutional, the ordinance which is attacked would be valid, remaining of full force and effect under the previous municipal charter of the City of Waycross.  Upon this the decision is controlled by the ruling of this court in *Young* v. *Waycross*, 11 *Ga. App.* 846 (76 S. E. 648).

DECIDED MAY 6, 1913.

Certiorari; from Ware superior court—Judge Parker.

*J. S. Walker*, for plaintiff in error.  *C. L. Redding*, contra.

RUSSELL, J.  In the legal principles involved, this case differs in one respect only from that of *Young* v. *Waycross*, 11 *Ga. App.* 846 (76 S. E. 648).  As in the *Young* case, the plaintiff in error attacks the validity of the ordinance of the City of Waycross, passed July 27, 1900, by the terms of which it was made unlawful for any person to keep for illegal sale, barter, or exchange, within the corporate limits of the said city, any vinous, spirituous, malt, or intoxicating liquors.  The plaintiff in error was tried by the mayor of the City of Waycross, adjudged guilty, and sentenced to pay a fine of $100 and to work on the chain-gang of the city for ninety days.  Counsel for the plaintiff in error, in his brief, practically abandons the contention that the conviction is not sufficiently supported by the evidence, but urges that the certiorari should have been sanctioned because of improper remarks of counsel, and because of the invalidity of the ordinance under which the accused was adjudged guilty.

It appears from the record that the attorney for the city, in the course of his argument, used the following language: "Will Lowther is not guilty of selling this liquor himself, but he is undertaking to shield some one higher, and not having told who it